SAMUEL D. TEAGUE *v.* THE BOARD OF SUPERVISORS OF ATTALA
COUNTY.

HIGHWAY.  *Erection of gates.  Power of Board of Supervisors.*
An authorization under sect. 2367 of the Code of 1871, which provides that "the
   Board of Supervisors may, at their discretion, authorize the owner of land
   through which any road may pass to erect gates across the same," upon con-
   dition to keep them "under such restrictions as the board may deem proper,"
   is in the nature of a legislative act, and the authority given may be withdrawn
   in the same manner as it was conferred.  And the privilege granted in such
   case is held at the will of the board; but it should not be capriciously exer-
   cised, to the injury of one who has acted on the license of the board.

ERROR to the Circuit Court of Attala County.

Hon. WILLIAM COTHRAN, Judge.

On the 5th of April, 1875, the Board of Supervisors of
Attala County made an order authorizing S. D. Teague to
erect gates across the public road running through his planta-
tion.  The gates were put up; but soon thereafter petitions,
numerously signed, were presented to the board, asking a
repeal of the order; and on the 4th of December another
order was passed, rescinding the one which granted the license
to Teague, on the ground, as stated, that the gates impeded
public travel.  Teague proved before the board that he had,
relying upon the license granted him, removed his lane fences
and put up other fencing to the extent of a mile and a half,
and that he would be considerably damaged if the license should
be revoked.  From this rescinding order an appeal was taken to
the Circuit Court, where a judgment was rendered affirming
the order of the board.  Thereupon, Teague sued out a writ
of error.

Sect. 2367 of the Code, which governs this subject, is as
follows : —

"The Board of Supervisors may, at their discretion, authorize the
owner of land through which any road passes, to erect gates across
the same, of sufficient width to allow the safe and easy passage of all
wheeled carriages, upon condition to keep them in good repair, and
under such restrictions as the board may deem proper."

*Campbell & Anderson*, for the plaintiff in error.

The Board of Supervisors had the power to authorize the plaintiff in error to erect gates across the public road on his land. Code 1871, sect. 2376. And when the privilege was granted, it became a vested right, as if acquired by a judgment or decree. Such right could not be divested except by the assessment of damages, as provided in the Code, sects. 2336–2339.

*Jason Niles*, for the defendant in error.

The authority of the plaintiff in error to erect the gates was granted, subject to the right of the board to order their removal at any time. He acquired no vested right, and the board had no power to grant such right. He paid nothing for the privilege, and he alone was to be benefited by it.

CAMPBELL, J., delivered the opinion of the court.

An authorization by the Board of Supervisors to the owner of land through which any road passes to erect gates across the same, as provided for by sect. 2367 of the Code, is in the nature of a legislative act, and the authority thus given may be withdrawn in the same manner as it was conferred. The privilege to erect gates is held, in such case, at the will of the Board of Supervisors; but it should not be capriciously exercised, so as to injure one who, acting on the license of the board, has adjusted his fencing to the condition of things arising from the erection of the gates authorized by such license.

Judgment affirmed.